Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
**PANEL XII**

| | | |
|---|---|---|
| JOSÉ COLÓN COTTO Y OTROS<br><br>Apelado<br>v.<br><br>PREFERRED MORTGAGE, CORP. Y OTROS<br><br>Apelante | KLAN202400740 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2021CV01387 (SALÓN 908)<br><br>Sobre:<br>DAÑOS Y OTROS |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Grana Martínez, Jueza Ponente

### SENTENCIA EN RECONSIDERACIÓN

En San Juan, Puerto Rico, a 17 de diciembre de 2024.

### I.

La parte apelada solicita que reconsideremos la sentencia que dictamos el 30 de septiembre de 2024 y que se notificó el 2 de octubre de 2024. La parte apelante ha expresado las razones por las que entiende no debemos reconsiderar la sentencia.

Preferred Mortgage alega que no tenemos jurisdicción, porque la apelante no notificó la presentación del recurso a Floor Plan Corp., Edgardo Rivera y Sociedad legal de gananciales, a pesar de que fueron debidamente emplazados y están en rebeldía. La apelante alega que las partes en rebeldía únicamente tenían que ser notificadas de la sentencia conforme establece la Regla 67.1 de Procedimiento Civil, 32 LPRA Ap. V. No obstante, reconoce que el TPI tampoco notificó la sentencia apelada a la parte en rebeldía. La apelada replicó a la oposición a la moción de reconsideración.

## II.

### La Jurisdicción de los Tribunales

La jurisdicción es el poder o autoridad de los tribunales para considerar y decidir casos o controversias. Los tribunales tienen la responsabilidad indelegable de examinar en primera instancia su propia jurisdicción y la del foro de donde procede el recurso ante su consideración. La obligación ministerial de los tribunales de auscultar la jurisdicción es insoslayable, aun si no ha sido planteada por las partes. La falta de jurisdicción incide sobre el poder mismo de los tribunales para adjudicar una controversia. Un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. Su presentación carece de eficacia y no produce ningún efecto jurídico, porque no ha nacido la autoridad judicial o administrativa para acogerlo. Si el tribunal no tiene jurisdicción, solo le resta declararlo y desestimar la reclamación sin entrar en sus méritos. Los tribunales no tienen discreción para asumir jurisdicción donde no la hay. *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500-501 (2019).

### Notificación Defectuosa de las Resoluciones, Órdenes y Sentencias

La notificación de las resoluciones, órdenes y sentencias es parte del derecho al debido proceso de ley de todas las partes en el pleito. A través de la notificación, el ciudadano afectado se entera de la decisión final en su contra. El deber de notificar a las partes no es un mero requisito. La importancia de la notificación recae en su efecto sobre los procedimientos posteriores al dictamen final de un proceso adjudicativo. La falta de notificación adecuada priva el derecho de una parte a cuestionar el dictamen emitido y debilita las garantías del debido proceso de ley. La correcta y oportuna notificación de las órdenes y sentencias es un requisito *sine qua non* de un ordenado sistema judicial. Su omisión puede conllevar graves

consecuencias, demoras e impedimentos en el proceso judicial e incertidumbre sobre cuándo comienza el término para solicitar revisión a un tribunal de mayor jerarquía. *Dávila Pollock et als. v. R.F. Mortgage,* 182 DPR 86, 94 (2011). Una notificación defectuosa paraliza el término para acudir en revisión ante el Tribunal de Apelaciones. *IM Winner, Inc. v. Mun. de Guayanilla,* 151 DPR 30, 39 (2000).

### La falta de notificación del recurso de apelación a una parte en rebeldía

El Tribunal Supremo de Puerto Rico resolvió en *González Pagán et al. v. SLG Moret-Brunet,* 202 DPR 1062 (2019), que el foro apelativo no tiene jurisdicción para atender un recurso de apelación que no fue notificado a una parte a la que el Tribunal de Primera instancia declaró en rebeldía. El recurso de apelación debe notificarse a todas las partes en el pleito, incluso a las que se encuentran en rebeldía, porque de lo contrario, el Tribunal de Apelaciones no tendrá jurisdicción para atenderlo. La presentación oportuna del recurso y la notificación a las partes son requisitos esenciales para el perfeccionamiento del recurso de apelación. El concepto en parte está atado a la jurisdicción de la persona. Una persona es considerada parte, una vez se diligencia el emplazamiento y se adquiere jurisdicción sobre esta El demandado en rebeldía cumple con el significado jurídico procesal de parte. La Regla 13 B del Reglamento del Tribunal de Apelaciones exige la notificación del recurso a todo aquel que, en algún momento, fue parte en el tribunal u organismo administrativo incluyendo al rebelde o una parte que ha transigido antes de la sentencia.

### III

La desestimación del recurso es la única alternativa posible porque la propia apelante reconoce que la sentencia apelada no se notificó a las partes en rebeldía. La notificación defectuosa de la

sentencia apelada es razón suficiente para la desestimación, porque el recurso es prematuro. No obstante, la desestimación también procede porque la apelante no notificó a las partes en rebeldía la presentación del recurso. La falta de notificación de la sentencia apelada a las partes en rebeldía y de la presentación de la apelación, nos obliga a desestimar el recurso por falta de jurisdicción. Se advierte que el término para apelar dicha sentencia no comenzará a transcurrir hasta que no sean debidamente notificadas todas las partes del pleito.

## IV

Por lo antes expuesto, se declara HA LUGAR la moción de reconsideración y se desestima el recurso por falta de jurisdicción. Se ordena al TPI notificar nuevamente la sentencia dictada conforme a derecho.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones