

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Edwin E. Dávila Pollock;<br>Vanesa Sanabria Semler Sánchez<br><br>Peticionarios<br><br>v.<br><br>R.F. Mortgage and Ivestment Corp;<br>Firt Mortgage, Inc.; Enrique N.<br>Vela Col      ón<br><br>Recurridos | Certiorari<br><br>2011 TSPR 81<br><br>182 DPR _____ |

Número del Caso:   CC           - 2011 - 115

Fecha: 8 de junio de 2011

Tribunal de Apelaciones:

Región Judicial de Bayamón y Aibonito Panel V

Juez Ponente:

Hon. Bruno E. Cort          és Trigo

Abogado de la Parte Peticionaria:

Lcdo. Julio Díaz Rosado

Abogadas de la Parte Recurrida:

Lcda. Cristina S. Belaval Burger
Lcda. Annette M. Danner          - Rodríguez

Materia:      Cumplimiento Específico, Daños y Perjuicios Contractuales

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a                    la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Edwin E. Dávila Pollock; Vanesa Sabrina Semler Sánchez Peticionarios | Certiorari |
| v. | CC-2011-0115 |
| R.F. Mortgage and Investment Corp.; First Mortgage, Inc.; Enrique N. Vela Colón Recurridos | |

Opinión del Tribunal emitida por el Juez Asociado señor Rivera García

En San Juan, Puerto Rico, a 8 de junio de 2011.

El presente recurso de *certiorari* nos brinda la oportunidad de expresarnos sobre el efecto de notificar los dictámenes judiciales mediante el formulario administrativo correcto. En específico, las consecuencias procesales que implica el notificar una resolución sobre determinaciones de hechos y conclusiones de derecho adicionales mediante el formulario administrativo inadecuado y las repercusiones que ello acarrea sobre el derecho de las partes a un debido proceso de ley.

I

El 20 de mayo de 2008 el Sr. Edwin E. Dávila Pollock y la Sra. Vanesa Sabrina Semler Sánchez,

esposos, acudieron a las oficinas de R.F. Mortgage and Investment Corp. Ello, con el propósito de verificar si cualificaban para un préstamo hipotecario destinado a financiar la compra de una residencia. Luego de los trámites procesales de rigor, el préstamo solicitado fue aprobado y los esposos Dávila Pollock y Semler Sánchez perfeccionaron el negocio jurídico. En específico, suscribieron un pagaré ante el notario Enrique N. Vela Colón que constaba de cinco folios tamaño legal, escritos por un solo lado, y un folio adicional intitulado "Rider". Tanto el pagaré como el "Rider" establecían la promesa de pago de los demandantes por la suma total de $330,100.00, a razón de 6.75% de interés anual.[1] Luego de consignar sus firmas en el referido pagaré, los esposos Dávila Pollock y Semler Sánchez le solicitaron al notario Vela Colón copia del mismo.

Posteriormente, a principios del mes de junio de 2008, los esposos Dávila Pollock y Semler Sánchez recibieron de First Mortgage, Inc., las copias solicitadas. Al examinarlas notaron que los documentos ahora disponían un interés anual distinto, 7.25%, en vez del 6.75% previamente pactado.

Así las cosas, el 3 de junio de 2008 los esposos Dávila Pollock y Semler Sánchez le enviaron una comunicación escrita a First Mortgage, Inc. En ella

---

[1] Esa misma fecha los demandantes también suscribieron una escritura pública, Núm. 312, sobre Primera Hipoteca ante el notario Enrique N. Vela Colón. En dicha escritura se estableció, de igual forma, que la cantidad sería financiada a razón del 6.75% de interés anual.

señalaron el error habido en los documentos del negocio jurídico en cuanto al interés anual y solicitaron que se corrigiera antes del 1 de julio de 2008, fecha en la cual debía efectuarse el primer pago adeudado.

A raíz de lo anterior, y debido a que R.F. Mortgage and Investment Corp., First Mortgage, Inc., o el notario Vela Colón no habían subsanado el error señalado, el 15 de abril de 2009 los esposos Dávila Pollock y Semler Sánchez presentaron una demanda en contra de éstos por daños y perjuicios e incumplimiento de obligaciones contractuales. En ella adujeron que, luego de suscribir un pagaré y constituir una hipoteca, los codemandados alteraron sin el consentimiento de los demandantes los términos contractuales; en específico, el interés hipotecario anual.

Luego de varios trámites procesales, el 16 de marzo de 2010 el codemandado Vela Colón presentó una moción de sentencia sumaria. Asimismo, el 30 de marzo de 2010 la codemandada, First Mortgage, Inc., presentó una moción de igual naturaleza. El 15 de abril de 2010 los demandantes se opusieron a la moción de sentencia sumaria presentada por la codemandada First Mortgage, Inc., y el 1 de junio de 2010 hicieron lo propio en relación a la moción presentada por el codemandado Vela Colón.

Posteriormente, el 28 de junio de 2010 el Tribunal de Primera Instancia dictó una sentencia parcial,[2] cuyo

---

[2] Esta sentencia fue notificada el 9 de agosto de 2010.

registro fue ordenado conforme a la Regla 46 de Procedimiento Civil, 32 L.P.R.A. Ap. V, R.46.[3] Mediante ésta el foro primario declaró *No Ha Lugar* la demanda presentada en contra de la codemandada First Mortgage, Inc; sin embargo, nada dispuso en cuanto al codemandado Vela Colón.

Así las cosas, el 19 de agosto de 2010 los demandantes presentaron ante el Tribunal de Primera Instancia una moción sobre determinaciones de hechos y conclusiones de derecho adicionales y sobre reconsideración. Días después -el 26 de agosto de 2010- la codemandada First Mortgage, Inc., presentó su oposición.

A esos efectos, el 8 de septiembre de 2010, el Tribunal de Primera Instancia emitió una orden mediante la cual declaró *No Ha Lugar* la moción presentada por los demandantes. Esta orden fue notificada el 13 de septiembre de 2010 mediante el formulario OAT 750 sobre notificación de Órdenes y Resoluciones.[4] Luego, el 1 de octubre de 2010 el foro primario emitió y notificó una

---

[3] La Regla 46 de Procedimiento Civil, 32 L.P.R.A. Ap. V, R.46, dispone lo siguiente:

> Será deber del Secretario o Secretaria notificar a la brevedad posible, dentro de las normas que fije el Tribunal Supremo, las sentencias que dicte el tribunal, archivando en autos copia de la sentencia y de la constancia de la notificación y registrando la sentencia. La anotación de una sentencia en el Registro de Pleitos, Procedimientos y Providencias Interlocutorias constituye el registro de la sentencia. La sentencia no surtirá efecto hasta archivarse en autos copia de su notificación a todas las partes y el término para apelar empezará a transcurrir a partir de la fecha de dicho archivo.

[4] Este formulario no contiene una advertencia sobre el término de treinta días que disponen las partes para acudir ante el Tribunal de Apelaciones para revisar el dictamen emitido.

resolución mediante la cual indicó que enmendaba la orden antes descrita con el único fin de utilizar el formulario OAT 687, sobre la notificación de Resoluciones de determinaciones de hechos y conclusiones de derecho adicionales.[5]

Inconformes, el 13 de octubre de 2010 los demandantes presentaron un recurso de apelación ante el Tribunal de Apelaciones y solicitaron que se revocara la sentencia parcial dictada por el Tribunal de Primera Instancia. Sin embargo, varios días más tarde -el 27 de octubre de 2010- los demandantes solicitaron el desistimiento del recurso de apelación puesto que no habían notificado a todas las partes dentro del término establecido para ello. A esos fines, el 28 de octubre de 2010 el foro apelativo intermedio dictó una sentencia y concedió el desistimiento solicitado.

Por su parte, el 13 de octubre de 2010 el Tribunal de Primera Instancia dictó otra sentencia parcial, cuyo registro también fue ordenado conforme a la Regla 46 de Procedimiento Civil, *supra*. Mediante este segundo dictamen, el foro primario declaró *No Ha Lugar* la demanda presentada en contra del codemandado Vela Colón.

Insatisfechos con este segundo dictamen, el 1 de noviembre de 2010 los demandantes presentaron otro recurso de apelación ante el Tribunal de Apelaciones. En esta

---

[5] Contrario al formulario OAT 750, este formulario sí contiene una advertencia sobre el término de treinta días que disponen las partes para acudir ante el Tribunal de Apelaciones para revisar el dictamen emitido.

ocasión, aparte de solicitar la revocación de la segunda sentencia parcial dictada por el Tribunal de Primera Instancia, los demandantes también hicieron alegaciones sobre el primer dictamen emitido por el foro primario (mediante el cual se declaró *No Ha Lugar* la demanda presentada en contra de la codemandada First Mortgage, Inc.). Ello, a pesar que anteriormente el peticionario había desistido del primer recurso de apelación presentado para impugnar aquél dictamen.

Así las cosas, el 10 de diciembre de 2010 el Tribunal de Apelaciones dictó sentencia. En cuanto a las alegaciones vertidas por los demandantes referentes al primer dictamen emitido por el Tribunal de Primera Instancia (mediante el cual se declaró *No Ha Lugar* la demanda presentada en contra de la codemandada First Mortgage, Inc.), el foro apelativo intermedio razonó que, aunque la primera orden que declaró *No Ha Lugar* la moción sobre determinaciones de hechos y conclusiones de derecho adicionales fue notificada el 13 de septiembre de 2010 utilizando el formulario OAT 750, ésta no causó ni creó incertidumbre alguna a los demandantes sobre la finalidad y registro de la sentencia dictada el 28 de junio de 2010.[6] Consecuentemente, el foro apelativo intermedio concluyó que carecía de jurisdicción para atender las referidas

---

[6] Como ejemplo, el Tribunal de Apelaciones señaló que los demandantes presentaron su primer recurso de apelación dentro del término jurisdiccional. Es decir, el 13 de octubre de 2010.

alegaciones debido a que éstas fueron presentadas fuera del término jurisdiccional dispuesto para ello.

Asimismo, en cuanto a las alegaciones vertidas referentes al segundo dictamen emitido por el Tribunal de Primera Instancia (mediante el cual se declaró *No Ha Lugar* la demanda presentada en contra del codemandado Vela Colón), el Tribunal de Apelaciones razonó que no estaba en posición de discutirlas. Ello, debido a que los demandantes sólo se limitaron a indicar —escuetamente— que el codemandado Vela Colón era una parte indispensable en el pleito y no discutieron ni fundamentaron la procedencia de sus contenciones ni del remedio solicitado.

Inconformes aún, el 14 de febrero de 2011 los demandantes presentaron un recurso de *certiorari* ante este Tribunal. En dicho recurso adujeron que el Tribunal a quo erró al dictar sentencia y concluir que carecía de jurisdicción para atender el recurso de apelación que el peticionario le presentara. Días más tarde -el 17 de febrero de 2011- los demandantes presentaron ante este Tribunal una moción en auxilio de jurisdicción. En ella solicitaron la paralización de la sentencia emitida por el foro apelativo intermedio mientras se atendía el recurso de *certiorari* presentado.

El 2 de marzo de 2011 emitimos una Resolución en la cual declaramos *No Ha Lugar* la moción en auxilio de jurisdicción presentada por los demandantes. De igual forma, le concedimos un término de veinte días a R.F.

Mortgage and Investment Corp. y a First Mortgage, Inc. para que mostraran causa por la cual no debíamos expedir el recurso de *certiorari* de los demandantes y revocar parcialmente la sentencia dictada por el Tribunal de Apelaciones.

Todas las partes han presentado sus respectivos alegatos. Por ello, contando con su comparecencia, procedemos a resolver.

II

Como parte del debido proceso de ley, en su vertiente procesal, hemos señalado que la notificación de un dictamen judicial final es un requisito con el que se debe cumplir de modo tal que el ciudadano afectado pueda enterarse de la decisión final que se ha tomado en su contra. Río Const. Corp. v. Mun. de Caguas, 155 D.P.R. 394, 405 (2001); Nogama Const. Corp. v. Mun. de Aibonito, 136 D.P.R. 146, 152 (1994).

De forma reiterada hemos apuntalado que el deber de notificar a las partes no constituye un mero requisito. Su importancia radica en el efecto que tiene dicha notificación sobre los procedimientos posteriores al dictamen final emitido en un proceso adjudicativo. La falta de una debida notificación podría afectar el derecho de una parte a cuestionar el dictamen emitido y debilita las garantías del debido proceso de ley. Río Const. Corp. v. Mun. de Caguas, supra, págs. 405-406; Martínez, Inc. v. Abijoe Realty Corp., 151 D.P.R. 1, 8 (2000); Falcón

Padilla v. Maldonado Quirós, 138 D.P.R. 983 (1995). Véanse, además, Arroyo Moret v. F.S.E., 113 D.P.R. 379, 381 (1982); Berríos v. Comisión de Minería, 102 D.P.R. 228, 230 (1974).

Así, pues, "[l]a correcta y oportuna notificación de las órdenes y sentencias es requisito sine qua non de un ordenado sistema judicial". J.A. Cuevas Segarra, Práctica Procesal Puertorriqueña: Procedimiento Civil, San Juan, Pubs. J.T.S., 1979, Vol. II, pág. 436. Su omisión puede conllevar graves consecuencias, demoras e impedimentos en el proceso judicial, como también crear un ambiente de incertidumbre sobre cuándo comienza a transcurrir el término para acudir a un tribunal de mayor jerarquía para revisar el dictamen recurrido. Íd., pág. 436.

A

En cuanto al término para presentar un recurso de apelación para revisar un dictamen emitido por el Tribunal de Primera Instancia o por el Tribunal de Apelaciones, la Regla 52.2(a) de Procedimiento Civil, 32 L.P.R.A. Ap. V, R.52.2(a), dispone lo siguiente:

> (A) *Recursos de apelación.* – Los recursos de apelación al Tribunal de Apelaciones o al Tribunal Supremo para revisar sentencias deberán ser presentados dentro del término jurisdiccional de treinta (30) días *contados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado.* (Énfasis nuestro).

El término de treinta días descrito queda debidamente interrumpido, entre otras razones, por la presentación oportuna de una moción sobre determinaciones de hechos y

conclusiones de derecho adicionales.  A esos efectos, las Reglas 43.1 y 43.2 de Procedimiento Civil *juegan un papel medular en nuestro esquema procesal.*  A continuación las citamos en su integridad.

**Regla 43.1. Enmiendas o determinaciones iniciales o adicionales.**

No será necesario solicitar que se consignen determinaciones de hechos a los efectos de una apelación, pero a moción de parte, presentada a más tardar quince (15) días después de haberse archivado en autos copia de la notificación de la sentencia, el tribunal podrá hacer las determinaciones de hechos y conclusiones de derecho iniciales correspondientes, si es que éstas no se hubiesen hecho por ser innecesarias, de acuerdo con la Regla 42.2, o podrá enmendar o hacer determinaciones adicionales y podrá enmendar la sentencia en conformidad. Si una parte interesa presentar una moción de enmiendas o determinaciones iniciales o adicionales, reconsideración o de nuevo juicio, éstas deberán presentarse en un solo escrito y el tribunal resolverá de igual manera. En todo caso, la suficiencia de la prueba para sostener las determinaciones podrá ser suscitada posteriormente aunque la parte que formule la cuestión no las haya objetado en el tribunal inferior, o no haya presentado una moción para enmendarlas, o no haya solicitado sentencia.

La moción de enmiendas o determinaciones iniciales o adicionales se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal.  El término para notificar será de cumplimiento estricto.  32 L.P.R.A. Ap. V, R.43.1.

**Regla 43.2. Interrupción de término para solicitar remedios posteriores a la sentencia.**

La moción de enmiendas o determinaciones iniciales o adicionales deberá exponer con suficiente particularidad y especificidad los hechos que la parte promovente estime probados, y debe fundamentarse en cuestiones sustanciales relacionadas con determinaciones de hecho pertinentes o conclusiones de derecho materiales.

> Presentada una moción por cualquier parte en el pleito para que el tribunal enmiende sus determinaciones o haga determinaciones iniciales o adicionales, *quedará interrumpido el término para apelar, para todas las partes*. Este término comenzará a transcurrir nuevamente tan pronto se notifique y archive en autos copia de la resolución declarando con lugar, o denegando la solicitud o dictando sentencia enmendada, según sea el caso. (Énfasis nuestro). 32 L.P.R.A. Ap. V, R.43.2.

B

Particularmente, cuando se trata de una resolución u orden interlocutoria, el tribunal le notifica a las partes utilizando la forma OAT 750, *el cual no contiene aviso alguno sobre el término para acudir a un tribunal de mayor jerarquía.* Natividad de Jesús Maldonado v. Corporación Azucarera de Puerto Rico, 145 D.P.R. 899 (1998); Rodríguez v. Tribunal Municipal, 74 D.P.R. 656 (1953). Véase, además, Moreno González v. Cooperativa de Ahorro y Crédito de Añasco, 2010 T.S.P.R. 17, 178 D.P.R. ___ (2010) (Sentencia) (Opinión Disidente del Juez Asociado señor Martínez Torres, págs. 2-3). Por el contrario, cuando se trata de una resolución u orden sobre una moción de determinaciones de hechos y conclusiones de derecho adicionales que dispone finalmente del asunto presentado ante el tribunal, este dictamen es notificado utilizando el formulario OAT-687. Ello es así debido a que este formulario *sí contiene una advertencia sobre el término que las partes poseen para acudir ante un tribunal de mayor jerarquía y cuestionar el dictamen emitido.* De lo contrario, al no advertirle a las partes del término que

disponen para ejercer su derecho de apelación, la notificación emitida mediante el formulario incorrecto sería catalogada como defectuosa y el término para apelar no comenzaría a transcurrir.

C

Por otra parte, es norma harto conocida que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados a considerarla aun en ausencia de algún señalamiento de las partes al respecto. Falcón Padilla v. Maldonado Quirós, supra. Entre las instancias en que un tribunal carece de jurisdicción para adjudicar una controversia se encuentra la presentación tardía de un recurso. Un recurso presentado tardíamente adolece del grave e insubsanable defecto de *falta de jurisdicción* y debe ser desestimado. Rodríguez Díaz v. Pierre Zegarra, 150 D.P.R. 649 (2000); Hernández Apellaniz v. Marxuach Const., 142 D.P.R. 492 (1997). Precisamente, a raíz de lo anterior, hemos expresado que los tribunales tienen la obligación de notificar correctamente las resoluciones, órdenes y sentencias a todas las partes en el pleito, *para que así conozcan y estén notificados del término para acudir en revisión*. 32 L.P.R.A. Ap. V, R.46; Falcón Padilla v. Maldonado Quirós, supra.

III

En esta ocasión, surge del recurso de *certiorari* presentado por los demandantes que el 28 de junio de 2010 el Tribunal de Primera Instancia dictó una sentencia

parcial mediante la cual declaró *No Ha Lugar* la demanda presentada en contra de la codemandada First Mortgage, Inc. Sobre esta sentencia los demandantes presentaron oportunamente una moción de determinaciones de hechos y conclusiones de derecho adicionales y sobre reconsideración, la cual interrumpió el término para apelar. 32 L.P.R.A. Ap. V, R.43.2.

El 8 de septiembre de 2010 el Tribunal de Instancia emitió una orden mediante la cual declaró *No Ha Lugar* la moción de determinaciones adicionales presentada por los demandantes. Esta orden fue notificada utilizando el formulario OAT-750 -designado para la notificación de Resoluciones y Órdenes interlocutorias-, *el cual no contiene una advertencia sobre el derecho que tienen las partes para acudir al foro de mayor jerarquía y cuestionar el dictamen emitido en su contra.*

Posteriormente, el 1 de octubre de 2010 el foro primario emitió una resolución mediante la cual enmendó la orden antes descrita con el propósito de informar el término que las partes disponían para apelar la sentencia parcial dictada el 28 de junio de 2010. Esta resolución fue notificada utilizando el formulario OAT-687 -designado específicamente para la notificación de Resoluciones sobre determinaciones de hechos y conclusiones de derecho adicionales-, *el cual sí contiene una advertencia sobre el término apelativo correspondiente.*

Entendemos que esta enmienda era correcta y necesaria. La orden emitida el 8 de septiembre de 2010 no era de naturaleza interlocutoria, sino que puso fin al trámite procesal ante el Tribunal de Primera Instancia. Por tal motivo, el formulario OAT-687 era el que debió ser utilizado para notificarla.

No obstante, debido a que la referida orden se notificó mediante el formulario OAT 750, ésta no informó a las partes del término que disponían para acudir ante el Tribunal de Apelaciones. Por esta razón, colegimos que el Tribunal de Primera Instancia actuó correctamente al enmendar su orden inicial y emitir posteriormente una resolución a los fines de utilizar el formulario OAT-687 para notificarles a los demandantes sobre su derecho de apelación y el término correspondiente. Al así actuar, el foro primario salvaguardó las garantías procesales de los demandantes que emanan del debido proceso de ley.

A la luz de lo anterior, tomando como punto de partida la fecha en que la resolución del Tribunal de Primera Instancia fue notificada mediante el formulario OAT-687, concluimos que el término para acudir ante el foro apelativo intermedio venció el lunes, 1 de noviembre de 2010, día en que el peticionario presentó su recurso de apelación. Por tal motivo, entendemos que el Tribunal de Apelaciones erró al razonar que carecía de jurisdicción para atender el recurso de apelación presentado por los demandantes y las alegaciones allí vertidas referentes a

la sentencia parcial que declaró *No Ha Lugar* la demanda presentada en contra de la codemandada First Mortgage, Inc.

Lo anterior, ciertamente, resalta la importancia de los trabajos que ejerce el brazo secretarial del Tribunal General de Justicia. Somos conscientes de la ardua carga laboral que a diario se tramita en las distintas secretarías y la diligencia con la cual se atienden los mismos. Sin embargo, debido a la imbricación inseparable de los mismos con las garantías procesales que emanan del debido proceso de ley, es necesario un mayor grado de celo y cuidado. Sólo así se podrá alcanzar total armonía entre los trabajos administrativos que ejerce el Tribunal y los derechos constitucionales a los cuales fuimos llamados a proteger.

IV

Ahora bien, en cuanto a las alegaciones vertidas en el recurso de apelación antes descrito sobre la sentencia parcial que declaró *No Ha Lugar* la demanda presentada en contra del codemandado Vela Colón, resolvemos que el Tribunal de Apelaciones actuó correctamente al no atender dicho señalamiento de error. Como bien indicó el foro apelativo intermedio, el peticionario simplemente no discutió ni fundamentó su posición. Por ello, dicho señalamiento debe considerarse por no puesto. Morán v. Martí, 165 D.P.R. 356 (2005); Quiñones López v. Manzano Pozas, 141 D.P.R. 139 (1996).

V

Por los fundamentos antes expuestos, se expide el recurso de *certiorari* de epígrafe y se revoca parcialmente la sentencia dictada por el Tribunal de Apelaciones el 10 de diciembre de 2010, mediante la cual se declaró sin jurisdicción para atender el recurso de apelación presentado por los demandantes. En consecuencia, se ordena la devolución del caso de autos al foro apelativo intermedio para que atienda en sus méritos el recurso de apelación conforme a lo aquí establecido.

Se dictará sentencia de conformidad.

Edgardo Rivera García
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Edwin E. Dávila Pollock;
Vanesa Sabrina Semler
Sánchez
Peticionarios

v.                    CC-2011-0115      Certiorari

R.F. Mortgage and
Investment Corp.; First
Mortgage, Inc.; Enrique
N. Vela Colón
Recurridos

SENTENCIA

San Juan, Puerto Rico, a 8 de junio de 2011.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se expide el recurso de *certiorari* y se revoca parcialmente la sentencia dictada por el Tribunal de Apelaciones el 10 de diciembre de 2010, mediante la cual se declaró sin jurisdicción para atender el recurso de apelación presentado por los demandantes. En consecuencia, se ordena la devolución del caso de autos al foro apelativo intermedio para que atienda en sus méritos el recurso de apelación conforme a lo aquí establecido.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton emitió una Opinión Disidente a la cual se unió la Jueza Asociada señora Fiol Matta. La Juez Asociada señora Rodríguez Rodríguez no intervino. El Juez Asociado Feliberti Cintrón no interviene.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Edwin E. Dávila Pollock; Vanesa
Sabrina Semler Sánchez

       Peticionarios              CC-2011-115

R. F. Mortgage and Investment
Corp.; First Mortgage, Inc.;
Enrique N. Vela Colón

     Recurridos

Opinión Disidente emitida por el Juez Presidente SEÑOR HERNÁNDEZ DENTON a la cual se une la Jueza Asociada SEÑORA FIOL MATTA

En San Juan, Puerto Rico, a 8 de junio de 2011.

Recientemente emitimos una Sentencia en la cual resolvimos que una notificación de una resolución del Tribunal de Primera Instancia que no advirtió a las partes del derecho a apelar no constituye una notificación defectuosa. Por ello, no impide que comience a transcurrir el término jurisdiccional para instar un recurso de apelación ante el Tribunal de Apelaciones. Moreno González v. Cooperativa de Ahorro y Crédito de Añasco, 2010 T.S.P.R. 17, 178 D.P.R. ___ (2010), res. el 20 de enero de 2010.

Aunque una Sentencia de este Tribunal no establece precedente, los fundamentos expresados en dicho dictamen son sencillos y correctos en derecho, no han variado en apenas dieciséis meses y fueron

favorecidos por una mayoría de este Tribunal compuesta en aquel momento por el Juez Presidente Hernández Denton y los Jueces Asociados, Rivera Pérez, Fiol Matta, Rodríguez Rodríguez y Kolthoff Caraballo. Por lo tanto, no creemos prudente variar el razonamiento mayoritario en tan corto tiempo.

En dicho caso, el Tribunal se basó en que la peticionaria no demostró que se le menoscabó su derecho a recurrir en alzada. Asimismo, señalamos que las Reglas de Procedimiento Civil son claras y específicas en cuanto al término jurisdiccional de treinta días para recurrir contra sentencias dictadas en casos civiles, contados a partir del archivo en autos de copia de la notificación. 32 L.P.R.A. Ap. V R. 52.2; 4 L.P.R.A. Ap. XXII-B R. 13. Véase, además: R. Hernández Colón, _Práctica Jurídica de Puerto Rico: Derecho Procesal Civil_, 5ta. ed., San Juan, Lexisnexis, 2010, sec. 5506, pág. 467.

En el presente caso, como en el de la referida Sentencia de 2010, la parte recurrente conocía muy bien de su derecho a apelar la determinación adversa. **Tan es así que presentó un recurso de apelación oportuno del que luego desistió por no haber notificado correctamente a todas las partes.** Permitir que un abogado aproveche la segunda notificación de la sentencia parcial recurrida -en la cual el Tribunal de Primera Instancia sólo varió el formulario utilizado- es favorecer la forma sobre la sustancia con miras a relajar los requisitos de competencia y diligencia que deben regir la representación legal y nuestro ordenamiento procesal. Por

ello, disentimos respetuosamente del curso de acción seguido por una mayoría de este Tribunal.


                                        Federico Hernández Denton
                                              Juez Presidente