ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| RODULFO MEDINA LEÓN<br><br>RECURRENTE<br><br>V.<br><br>DEPARTAMENTO DE LA FAMILIA<br><br>RECURRIDOS | KLRA202400003 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de la Familia<br><br>Caso Núm.:<br>2024 PCEE 00024 |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard, y la Jueza Díaz Rivera.

Brignoni Mártir, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de abril de 2024.

Comparace, Rodulfo Medina León, (en adelante "el recurrente"), mediante el recurso de epígrafe. Ello, a los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación emitida y notificada el 28 de noviembre de 2023, por la Junta Adjudicativa del Departamento de la Familia (en adelante, "la Junta Adjudicativa" o "parte recurrida"). Mediante la referida determinación, la Junta Adjudicativa no entró en los méritos de la "*Solicitud de Apelación*" presentada por el recurrente, bajo el fundamento de que su petitorio adolecía de ser prematuro.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso de revisión judicial.

### I.

Surge del expediente, que el 24 de agosto de 2023, LUMA Energy comunicó al recurrente que adeudaba un balance de $3,253.30 por concepto del servicio de energía eléctrica que se le había prestado. Como parte de la comunicación, LUMA Energy esbozó una serie de programas de asistencia económica para los cuales el recurrente podía someter una

Número Identificador
RES2024 _____

solicitud. A los efectos de obtener alguna ayuda económica para sus facturas vencidas. Así pues, el recurrente solicitó ayuda al Programa de Asistencia de Energía para Hogares de Bajos Ingresos (en lo sucesivo, "LIHEAP," por sus siglas en inglés.) La solicitud del recurrente fue llenada de forma electrónica. Ello, ante la Administración de Desarrollo Socioeconómico del Departamento de la Familia, (en lo sucesivo, por sus siglas "ADSEF"), la cual es la encargada de implementar el programa de LIHEAP. Al llenar dicha solicitud, el recurrente recibió el siguiente aviso: "De acuerdo a los datos ofrecidos por usted o su familia, no podría ser elegible para recibir los beneficios de LIHEAP. Ingresos sobrepasan el máximo."

Así las cosas, el 18 de septiembre de 2023, el recurrente presentó ante la Junta Adjudicativa una "*Solicitud de Apelación*". Mediante esta, recurrió del referido aviso automático que surgió luego de llenar la solicitud digital. En respuesta, el 28 de noviembre de 2023, la Junta Adjudicativa emitió y notificó una "*Resolución.*" A través de esta, le comunicó al recurrente que su "*Solitud de Apelación*" era prematura. Esto, bajo el siguiente fundamento:

> La jurisdicción de la Junta Adjudicativa para atender las solicitudes de apelación surge ante notificación oficial por parte del Departamento de la cual el apelante se encuentra disconforme. En el caso de epígrafe no existe una determinación de elegibilidad y/o de cierre final de la parte apelante, sino que la parte apelante entiende que la determinación preliminar de la plataforma utilizada para presentar su solicitud al programa LIHEAP es final.

Inconforme, el 7 de diciembre de 2023, el recurrente presentó un escrito de reconsideración ante la Junta Adjudicativa. Ello, nuevamente a los fines de que se reevaluara la solicitud que había sometido digitalmente. Ante lo anterior, el 12 de diciembre de 2023, la Junta Adjudicativa declaró *No Ha Lugar* la aludida reconsideración. Esto, a la luz de los mismos fundamentos esbozados en la determinación emitida el 28 de noviembre de 2023. De forma oportuna, el 4 de enero de 2024, el

recurrente presentó la revisión judicial de epígrafe. En su recurso señaló lo siguiente: "*Solicito una vez más la reconsideración a mi caso.*"

Ante ello, el 29 de enero de 2024, este Tribunal emitió una "*Resolución.*" Mediante la cual, ordenó a la parte recurrida que presentara una copia certificada del expediente administrativo en cuestión. El 6 de febrero de 2024, la parte recurrida realizó lo propio. Posteriormente, el 29 de febrero de 2024, emitimos nuevamente una "*Resolución.*" Esta vez, a los efectos de ordenar a la parte recurrida que presentara su posición en cuanto al recurso presentado por el recurrente. Luego de concederle una prórroga para ello, el 3 de abril de 2024, la parte recurrida presentó "*Escrito en Cumplimiento de Resolución.*" En esencia, la parte recurrida notificó que el recurrente no estaba desprovisto de la obtención de algún remedio, toda vez que, la petición electrónica sometida por el recurrente aun debía ser evaluada por un técnico de la ADSEF. Cónsono con lo anterior, nos peticionó que se devolviera el caso a la ADSEF a los fines de atender la solicitud del recurrente y, en un término razonable, emitir una decisión final al respecto.

Con el beneficio de la comparecencia de ambas partes, disponemos de la controversia ante nuestra consideración.

**II.**

### A. *Jurisdicción*

La jurisdicción es el poder o la autoridad de un tribunal para considerar o decidir casos o controversias. Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank, 204 DPR 374 (2020)*; *Peerless Oil v. Hermanos Pérez*, 186 DPR 239, 249 (2012); *SLG Solá-Morena v. Bengoa Becerra*, 182 DPR 675, 682 (2011). A tales efectos, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).

Conforme lo anterior, en el ámbito procesal un recurso prematuro es aquel que es presentado en la secretaría de un tribunal apelativo antes del tiempo en el cual éste adquiere jurisdicción. Sobre este particular, nuestro Tribunal Supremo ha reiterado que, al igual que un recurso tardío, el recurso prematuro adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Ello es así puesto que su presentación carece de eficacia y no produce ningún efecto jurídico, pues en ese momento o instante en el tiempo, "*punctum temporis*", aún no ha nacido autoridad judicial o administrativa alguna para acogerlo. *Íd.* De modo que, cuando un tribunal determina que no tiene la autoridad para atender un recurso, sólo puede así declararlo y desestimar el caso. *Dávila Pollock et als. v. R.F. Mortgage*, 182 DPR 86, 97 (2011).

## B. Recurso de revisión judicial

El Tribunal de Apelaciones es un tribunal intermedio cuyo propósito es proveer a los ciudadanos de un foro apelativo para revisar, entre otras, decisiones finales de los organismos y agencias administrativas traídas ante nuestra consideración mediante un recurso de revisión judicial. Art. 4.001-4.002, Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, 2003, Ley 201-2003, según enmendada. La revisión de las decisiones finales de los organismos y agencias administrativas ante este Tribunal de Apelaciones se tramita de conformidad con la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG) Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9601 et. seq., y con nuestro Reglamento.

En lo aquí pertinente, la sección 4.2 de la LPAUG establece lo siguiente:

> Una parte adversamente afectada por una **orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones**, **dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia** o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley,

cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. (Énfasis nuestro). 3 LPRA sec. 9672.

En la misma, línea en el Reglamento de este Tribunal se dispone lo siguiente: "El escrito inicial de revisión deberá ser presentado dentro del término jurisdiccional de treinta días contados a partir de la fecha del archivo en autos de la copia de la notificación **de la orden o resolución final del organismo o agencia**." 4 LPRA Ap. XXII-B, R. 57. (Énfasis nuestro).

Conforme lo anterior, nuestro Tribunal Supremo ha definido que *la orden o resolución final* "es aquella que pone fin a todas las controversias dilucidadas ante la agencia y cuyo efecto es sustancial sobre las partes." A.R.Pe *v. Coordinadora,* 165 DPR 850, 867 (2005). Por ello, nuestro Más Alto Foro ha pronunciado que "los tribunales se abstendrán de evaluar la actuación de la agencia hasta tanto la persona o junta que dirija esa entidad resuelva la controversia en su totalidad." *Íd.* En otras palabras, "nuestro sistema de derecho administrativo sujeta la aplicación del [recurso de revisión judicial] a la existencia de una actuación agencial final que adjudique los derechos y las obligaciones de las partes." *Crespo Claudio v. O.E.G.*, 173 DPR 804, 814 (2008).

**III.**

Conforme surge de los hechos, la determinación electrónica recibida por el recurrente no es una decisión final de la ADSEF. Así lo hizo constar la comparecencia de la parte recurrida. En vista ello, desestimamos el recurso presentado por el recurrente, dado que, es prematuro.

**IV.**

Por los fundamentos expuestos, se desestima el recurso de epígrafe.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones