ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| JOSÉ R. MARRERO RÍOS<br><br>**RECURRENTE**<br><br>v.<br><br>NEGOCIADO DE LA POLICÍA DE PUERTO RICO<br><br>**RECURRIDA** | KLRA202400523 | Revisión administrativa procedente del Negociado de la Policía de Puerto Rico<br><br>Caso Núm. SAIC-NILIAF-DELPSP-01-013<br><br>Sobre: DENEGACIÓN DE LICENCIA |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 7 de noviembre de 2024.

Comparece ante nosotros, el señor José R. Marrero Ríos (recurrente), mediante un Recurso de Revisión presentado el 23 de septiembre de 2024. Solicita que revoquemos la Resolución del Negociado de la Policía de Puerto Rico (Negociado) emitida el 30 de agosto de 2024 y notificada el 3 de septiembre del mismo año. En ella, el Negociado denegó al recurrente su solicitud de licencia de guardia de seguridad independiente.

Por los fundamentos que expondremos a continuación, *se desestima el recurso*.

**I.**

Según surge del expediente ante nuestra consideración, el 28 de diciembre de 2022, el recurrente se presentó en la División de Detectives Privados con el fin de renovar su licencia de guardia de seguridad independiente, licencia que, según alega, posee desde el 1999. Arguye que, tras varios trámites, el Director de la División de

Detectives Privados, el teniente Héctor Medina, le notificó la denegatoria de la expedición de la referida licencia.[1]

A consecuencia de su inconformidad, el 8 de junio de 2023, el Negociado celebró una vista administrativa en la cual se dirimieron varios asuntos, entre ellos y según este alega, la potestad del Comisionado para denegar o revocar la licencia de guardia de seguridad independiente.

Más adelante, el 20 de agosto de 2024 y al margen del proceso administrativo, el recurrente presentó una *Demanda* de *Mandamus Perentorio* ante el Tribunal de Primera Instancia, Sala Superior de San Juan (foro primario). En síntesis, alegó que desde el año 1999 solicitó y obtuvo de la Policía de Puerto Rico la licencia de guardia de seguridad independiente, cumpliendo con todos los requisitos de ley y reglamentos aplicables. Destacó que, desde entonces, de forma ininterrumpida ha mantenido su licencia activa según la Ley Núm. 108-1965, Ley de Detectives Privados. Sin embargo, el 28 de diciembre de 2022 se presentó en la División de Detectives Privados con el fin de renovar su licencia de guardia de seguridad independiente y el Negociado le denegó ésta. A tales efectos, sostuvo que dicha actuación fue una arbitraria e ilegal, la cual constituyó "un discrimen, violación de derechos civiles y al debido proceso de ley". Por otra parte, añadió que los funcionarios incumplieron su deber ministerial y que agotó el remedio administrativo de la agencia del cual no existe un remedio adicional. En consecuencia, solicitó al foro primario declarar con lugar el recurso de *Mandamus* y ordenar al Secretario de Seguridad Publica, el Hon. Alexis Torres Ríos y al Teniente Héctor Medina, en su carácter oficial, la concesión de la licencia de guardia de seguridad. En respuesta, el 21 de agosto de

---

[1] Véase, Revisión Administrativa, págs. 3.

2024, el foro primario ordenó al Negociado a mostrar causa por la cual no debía conceder el remedio solicitado.[2]

Entretanto, el 30 de agosto de 2024, notificada el 3 de septiembre del mismo año, el Negociado emitió *Resolución* en la cual declaró *No Ha Lugar* la solicitud de licencia del recurrente. Razonó que el Comisionado no tiene autoridad en ley para emitir una licencia de guardia de seguridad independente, en virtud del precedente establecido en el caso de *Wackenhut Corp. v. Rodríguez Aponte,* 100 DPR 518 (1972), el Art. 8.13 del Reglamento para Administrar la Ley para Regular las Profesiones de Detectives Privados y Guardias de Seguridad en Puerto Rico, Reglamento Núm. 9262, Negociado de la Policía de Puerto Rico, 17 de febrero de 2021, pág. 51 y la Ley Núm. 108 de 29 de junio de 1965.[3]

Mientras y en el proceso de Mandamus ante el foro primario, el 6 de septiembre de 2024, el Negociado incoó ante el foro primario una *Moción de Desestimación.* En esencia, sostuvo que la Ley de Detectives no aplica a personas que ejercen la profesión de guardia de seguridad de manera independiente por lo que no se había incumplido con un deber ministerial. Además, puntualizaron que el recurrente no había agotado los remedios administrativos. Explicaron que, el 30 de agosto de 2024 se había emitido una Resolución denegatoria y en donde se habían incluido los términos que tendría el recurrente para presentar una moción de reconsideración ante el Negociado y, a modo subsiguiente, un recurso de revisión judicial ante el Tribunal de Primera Instancia. Argumentaron que por el recurrente no haber cumplido con el proceso, no procedía el auto de *Mandamus*, pues existe un proceso administrativo que este no había agotado. En consecuencia,

---

[2] Véase, Anejo V, pág. 22.
[3] Véase, Anejo I, págs. 14-15.

solicitaron la desestimación de la *Demanda de Mandamus Perentorio.[4]*

Tras varios incidentes procesales, el 19 de septiembre de 2024, el foro primario determinó que no existen las circunstancias extraordinarias que ameriten preterir el remedio administrativo. Por consiguiente, declaró *Ha Lugar* la *Moción de Desestimación.*[5]

En desacuerdo, el recurrente presentó el recurso de revisión que hoy nos ocupa en el que formuló el siguiente señalamiento de error:

> ERRÓ EL NPPR AL DENEGAR AL APELANTE RECURRENTE, LA RENOVACIÓN DE LA LICENCIA DE GUARDIA DE SEGURIDAD INDEPENDIENTE Y DETECTIVE PRIVADO BAJO EL PALIO DE QUE EL ARTÍCULO [31] DE LA LEY 108-1965, [EL] ART. 8.13 DEL REGLAMENTO 9262 NO APLICA A AJUSTADORES PÚBLICOS DE SEGURO, CELADORES, SERENOS O GUARDIANES (WATCHMAN), SEGÚN LO DISPUESTO EN *WACKENHUT CORP. V. RODRÍGUEZ APONTE*, 100 DPR 518 (1972).

En su recurso, el recurrente señala que tanto la Ley Núm. 108-1965 y el caso de *Wackenhut Corp. v. Rodríguez Aponte*, supra, expresan que el Negociado tiene facultad para renovar la licencia de guardia de seguridad independiente. Por tanto, la privación de ésta sin el correspondiente procedimiento legal es una violación al debido proceso de ley.

**II.**

**A.**

La Ley para Regular las Profesiones de Detectives Privados y Guardias de Seguridad en Puerto Rico también conocida como, Ley de Detectives Privados en Puerto Rico, Ley Núm. 108 de 29 de junio de 1965 (Ley 108), 25 LPRA sec. 285 et seq., regula la profesión de detective privado y la de agente de seguridad en nuestra jurisdicción. Esta ley responde al "interés del Estado de regular toda

---

[4] Véase *Moción de Desestimación*, caso civil número SJ2024CV07612, entrada núm. 21 en SUMAC.
[5] Véase, Anejo V, págs. 21-36.

actividad de carácter policial desempeñada por entes privados, para garantizar así que solo las personas cualificadas puedan realizar esta labor*". St. James Security Services, LLC. v. Autoridad de Energía Eléctrica; O'Neill Security Systems*, 2023 TSPR 149, 213 DPR ___ (2023); *Ranger American v. Loomis Fargo*, 171 DPR 670, 677 (2007). La persona que desee dedicarse a la ocupación de detective privado o a la operación de una agencia de detectives privados deberá solicitar una licencia con tales propósitos ante el Superintendente de la Policía. Ley 108, Art. 3, 25 LPRA sec. 285b.[6]

Por otro lado, el Art. 16 de la Ley 108, 25 LPRA sec. 285n, establece las funciones y facultades del Superintendente el cual:

> (3) "Tendrá facultad para expedir, renovar o denegar licencias de detectives privados o de agencias, así como para revocar licencias que ya hubieren sido expedidas. El Superintendente no denegará una solicitud de licencia ni revocará una licencia previamente concedida, sin la previa notificación a la parte interesada sobre la celebración de una vista donde dicha parte tendrá oportunidad de comparecer a presentar evidencia, a interrogar testigos, y a exponer lo que a su derecho convenga. El Superintendente notificará por escrito en todo caso las razones en que basa su acción o determinación. Cuando el Superintendente denegare o revocare una licencia, la parte agraviada **podrá dentro de los diez días siguientes a la fecha de la notificación de dicha determinación solicitar revisión ante la Sala de San Juan del Tribunal de Primera Instancia de Puerto Rico.** La revisión se hará mediante juicio de *novo*, debiendo el Superintendente elevar ante el Tribunal de Primera Instancia los autos originales del caso, dentro de los quince días siguientes a la fecha de la radicación del recurso de revisión".

En lo pertinente, el Art. 31 de la Ley 108, 25 LPRA sec. 285c, destaca que:

> "Las disposiciones de esta ley no serán aplicables a ningún detective o miembro de la Policía de Puerto Rico nombrado de acuerdo con la ley; ni a ninguna persona empleada por la Policía de Puerto Rico mientras este en el desempeño de sus funciones oficiales como tal; ni a ningún magistrado ni abogado en la práctica regular de su profesión; ni a ninguna persona cuyo negocio sea suministrar información en cuanto a los negocios y estado financiero y crédito de personas

---

[6] Véase el Art. 4 de la Ley 108, 25 LPRA sec. 285c, que establece los requisitos para obtener la licencia de detective privado.

naturales o jurídicas; ni a ninguna persona que investigue por si cualquier asunto en que dicha persona sea parte interesada. **Tampoco serán aplicables las disposiciones de esta ley a los ajustadores públicos de seguros, ni a los celadores, serenos o guardianes (watchman) que en su carácter individual** se dediquen a tales oficios u ocupaciones en empresas privadas o en establecimientos públicos o industriales, comerciales y agrícolas".[7]

En referencia al precitado artículo, el Tribunal Supremo enfatizó que "[l]a ley impone a los guardianes empleados por agencias de seguridad ciertos requisitos que no le son impuestos a personas que trabajan de guardianes (watchmen) o serenos (night watchmen) en su capacidad individual. El Art. 31 de la ley, 25 LPRA sec. 286c, dispone en su segundo párrafo que no serán aplicables las disposiciones de la ley a los serenos o guardianes que se dediquen a tales oficios en su carácter individual". *Wackenhut Corp. v. Rodríguez Aponte,* supra, pág. 530.

> Es decir, "[n]o hay duda pues de que la Asamblea Legislativa ha clasificado los guardianes en dos clases. Una comprende a los que son empleados o miembros de las Agencias de Seguridad que la Ley Núm. 108 reglamenta y la otra clase la compone los guardianes o serenos que quedan fuera de la ley en virtud de su Art. 31. Sin embargo, esta clasificación no es una que repugna a la conciencia por estar basada en prejuicios o motivaciones ilegítimos o por ser injusta. Al considerar a las personas que trabajan como guardianes o serenos en su capacidad individual como una clase de guardianes distinta a la de los guardianes que son empleados de Agencias de Seguridad, la Legislatura ha reconocido una realidad de nuestro medio social y económico. Una cosa es el empleado que forma parte del cuerpo de guardianes de una Agencia de Seguridad, uniformado, entrenado, motorizado, posiblemente armado y capaz de actuar en grupos y otra cosa es el antiguo guardián o sereno, mucho más antiguo que nuestra incipiente industrialización, que opera sin uniforme, usualmente desarmado y en forma individual. Los problemas de orden público que este último pueda crear son los problemas que cualquier ciudadano puede crear; no así los que pueden crear los guardianes empleados por las agencias profesionales de seguridad". *Íd.*

---

[7] Véase el Art. 2(b) de la Ley 108, 25 LPRA sec. 285a, el cual define el concepto de guardia de seguridad.

Por otra parte, el Art. 17 de la Ley 108, 25 LPRA sec. 285o, faculta al Superintendente con aprobación del Gobernador, a promulgar aquellos reglamentos y reglas que estime convenientes para hacer más viable la instrumentación de este artículo. En virtud de ello, 17 de febrero de 2021, el Negociado aprobó el Reglamento para Administrar la Ley para Regular las Profesiones de Detectives Privados y Guardias de Seguridad en Puerto Rico, Reglamento Núm. 9262. Este dispone en el Art. 8.13 que, "[d]e conformidad con el Art. 31 de la Ley 108 del 1965, *supra*, y el caso de *Wackenhut Corp. v. Rodríguez Aponte,* supra, el Comisionado del NPPR no tiene autoridad en ley para emitir una licencia de guardia de seguridad independiente. Dicha ley solamente regula el guardia de seguridad que trabaja para una agencia de seguridad, según definido en la Ley 108 del 1965, *supra*".[8]

**B.**

Por otro lado, y en extremo pertinente, la jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir un caso o controversia. *In re Laboy Hernandez*, 209 DPR 288, 298 (2022); *Beltrán Cintrón v. ELA et al.*, 204 DPR 89, 101 (2020); *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 499 (2019); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 854 (2009). El foro judicial está obligado a auscultar si posee jurisdicción aun cuando no exista un señalamiento expreso de las partes a esos fines. *In re Laboy Hernandez,* supra; *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020); *Constructora Estelar v. Aut. Edif. Pub.*, 183 DPR 1 (2011); *Dávila Pollock et als. v. R.F. Mortgage*, 182 DPR 86, 97 (2011). En ese ejercicio, los tribunales tienen el deber ineludible de auscultar su propia jurisdicción, así como la del foro de donde

---

[8] Véase el Art. 2(e) de la Ley 108, 25 LPRA sec. 285a, el cual define el concepto de agencia de seguridad para la protección de personas o propiedades mueble o inmueble.

procede el recurso que deben atender, pues la falta de jurisdicción sobre la materia puede plantearse en cualquier etapa del procedimiento, por cualquiera de las partes o por el tribunal a instancia propia. *In re Laboy Hernandez*, supra; *Beltrán Cintrón et al. v. ELA et al.*, supra, pág. 102; *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372–373 (2018). Y es que, la falta de jurisdicción (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *SLG Sola-Maldonado v. Bengoa Becerra*; 182 DPR 758, 682 (2011); *González v. Mayagüez Resort & Casino*, supra, pág. 855; *Vázquez v. Administración de Reglamentos y Permisos*, 128 DPR 513, 537 (1991).

### III.

El asunto que nos ocupa está regulado por la Ley para Regular las Profesiones de Detectives Privados y Guardias de Seguridad en Puerto Rico, *supra*. Mediante dicha ley, el Superintendente de la Policía de Puerto Rico está facultado a expedir, renovar o denegar licencias de detectives privados o de agencias, así como para revocar licencias que ya hubieren sido expedidas. El estatuto especifica que cuando el Superintendente denegare o revocare una licencia, la parte agraviada podrá **dentro de los diez (10) días siguientes a la fecha de la notificación de dicha determinación solicitar revisión ante la Sala de San Juan del Tribunal de Primera Instancia** de Puerto Rico. La revisión se hará mediante juicio de novo, debiendo el Superintendente elevar ante el Tribunal de Primera Instancia los autos originales del caso, dentro de los quince

(15) días siguientes a la fecha de la radicación del recurso de revisión.

Como mencionamos anteriormente, la Resolución recurrida fue emitida el 30 de agosto de 2024 y notificada el 3 de septiembre del mismo año. El recurrente presentó su recurso el 23 de septiembre, cuando el término vencía el 13 de septiembre, es decir, diez (10) días sobre el término dispuesto en la ley. Además, lo presentó ante el foro incorrecto, pues la Ley de Detectives dispone que el recurso se presentará ante la Sala de San Juan del Tribunal de Primera Instancia de Puerto Rico. Así le fue expresamente advertido en la Resolución recurrida. La falta de jurisdicción no es subsanable y priva a este tribunal de autoridad para tomar cualquier determinación que no sea la desestimación del recurso. Y es que cualquier decisión de un foro sin jurisdicción es inconsecuente por ser nula.

**IV**

Por lo antes expuesto desestimamos el recurso por falta de jurisdicción.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones