ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| PUEBLO DE PUERTO RICO<br><br>Apelado<br><br>v.<br><br>REYNALDO RENÉ ROSARIO ARREGUI<br><br>Apelante | **TA2026AP00178** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Aguadilla<br><br>Civil Núm. ABD2025G0013<br><br>Sobre: Delito contra Bienes/Derecho Patrimonial |

Panel integrado por su presidenta la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

**<u>SENTENCIA</u>**

En San Juan, Puerto Rico, a 4 de marzo de 2026.

Comparece ante nos el Sr. Emmanuel Fung (señor Fung o "el apelante") por derecho propio, que a pesar de no indicar sobre qué dictamen recurre, nos solicita que realicemos una investigación sobre un alegado incumplimiento contractual con el Sr. Reynaldo Rosario Arregui (señor Rosario).

Por los fundamentos que expondremos a continuación, **DESESTIMAMOS** el recurso de epígrafe por falta de jurisdicción.

**I.**

Según surge del escueto escrito, el señor Fung y el señor Rosario firmaron un contrato para un proyecto de construcción o remodelación. A su vez, el señor Fung alega que le entregó la suma de $87,000.00 al señor Rosario, pero éste no realizó labor alguna y se apropió de dicha cantidad de dinero. Por ello, solicitó se le reembolsara el dinero y se iniciara una investigación sobre el contrato.

Tras examinar el recurso, al amparo de la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, prescindimos de los términos, escritos o procedimientos adicionales "con el propósito de lograr su más justo y eficiente despacho".

## II.

### -A-

Como es sabido, "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias." *Municipio de Aguada v. W Construction,* LLC, 214 DPR 432 (2024); *RB Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685 (2024); *Pueblo v. Torres Medina*, 211 DPR 950 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384 (2022). Así, para adjudicar un caso el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas. *Cobra Acquisitions v. Mun. Yabucoa et al.*, supra, pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR*, supra; *Torres Alvarado v. Maderas Atiles*, 202 DPR 495 (2019).

En ese sentido, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el

deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu propio. *MCS Advantage v. Fossas Blanco et al.,* 211 DPR 135 (2023*); Fuentes Bonilla v. ELA et al.,* 200 DPR 364 (2018).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA*, 184 DPR 898 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado,* 172 DPR 216 (2007); *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345 (2003); *Autoridad Sobre Hogares de P.R. v. Sagastivelza*, 71 DPR 436 (1950). Al hacer esta determinación, debe desestimarse la reclamación sin entrar en los méritos de la controversia. *MCS Advantage v. Fossas Blanco et al.,* supra; *González Santos v. Bourns P.R., Inc*., 125 DPR 48 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable*. SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675 (2011); *Vázquez v. ARPE*, 128 DPR 513 (1991).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254 (2018); *Moreno González v. Coop. Ahorro Añasco*, 177 DPR 854 (2010); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007). A tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que

la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et als. v. RF Mortgage,* 182 DPR 86 (2011); *Moreno González v. Coop. Ahorro Añasco*, supra, pág. 859. Así pues, de un tribunal dictar sentencia sin jurisdicción, su decreto será jurídicamente inexistente o *ultra vires.* *Municipio de Aguada v. W Construction, LLC*, supra citando a *Maldonado v. Junta Planificación*, 171 DPR 46 (2007).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, la cual regula el desistimiento y la desestimación, nos da la facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción.

-B-

Como corolario a la jurisdicción, es menester señalar que los tribunales debemos intervenir únicamente en controversias que sean justiciables. *SLG Szendrey-Ramos v. Consejo Titulares*, 184 DPR 133, 149-150 (2011); Asoc. *Fotoperiodistas v. Rivera Schatz*, 180 DPR 920 (2011); *Moreno v. Pres. UPR II*, 178 DPR 969, 973 (2010); *Lozada Tirado et al. v. Testigos Jehová*, 177 DPR 893, 907 (2010). La doctrina de justiciabilidad impone una limitación a los tribunales en su intervención para resolver controversias reales y definidas que afectan las relaciones jurídicas de partes antagónicas u opuestas. *Pueblo v. Díaz, Rivera*, 204 DPR 472 (2020); *Torres Santiago v. Depto. Justicia*, 181 DPR 969, 981-982 (2011); *UPR v. Laborde Torres y Otros I,* 180 DPR 253 (2010).

Así pues, se ha establecido en el pasado que no será justiciable aquella controversia en la que (1) se trata de resolver una cuestión política; (2) una de las partes no tiene legitimación activa; (3) después que ha comenzado el pleito, hechos posteriores la convierten en académica; (4) las partes buscan obtener una opinión consultiva; o (5) se promueve un pleito que no está maduro. *Asoc. Fotoperiodistas v. Rivera Schatz*, supra; *Noriega v. Hernández Colón*, 135 DPR 406, 421-422 (1994). Estos requisitos deben ser evaluados por los tribunales antes de considerar y pronunciarse sobre los méritos de una controversia. *Super Asphalt v. AFI y otros*, 206 DPR 803 (2021).

### III.

Examinado el recurso presentado por el señor Fung, éste no proveyó la información necesaria para colocarnos en posición de atender los méritos del recurso. No contamos con la determinación apelada que nos permita determinar nuestra jurisdicción, por consiguiente, no podemos considerar su petición.

Igualmente, el señor Fung no aparenta ser parte del procedimiento criminal que alegadamente le da base a él para presentar su recurso. Ante ello, el señor Fung no tiene legitimación activa para presentar un recurso ante este Tribunal. Además, no discute error alguno, ni argumenta sobre base de ley, reglamento o jurisprudencia que podamos considerar.

Como es sabido, mediante recursos de *certiorari* o apelaciones, este Tribunal revisa dictámenes en los cuales una de las partes en un procedimiento judicial entiende que sus intereses han sido afectados por la aplicación del derecho de forma errónea o arbitraria.

La función de este Tribunal no es llevar a cabo investigaciones. De ordinario las investigaciones las llevan a cabo diversas agencias del Poder Ejecutivo.

Por tanto, este Tribunal no puede asumir jurisdicción cuando es evidente que carece de ella.

### IV.

Por los fundamentos antes expuestos, **DESESTIMAMOS** el presente recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones