| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan |
| JUAN FRANCISCO MAURY MONT<br><br>Peticionario<br><br>V.<br><br>MARCOS MILCIADES BRITO DISLA<br><br>Recurrido | KLCE202500507 | Caso Núm.: SJ2021CV06940<br><br>Sobre:<br>Cobro de Dinero Ordinario |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Jueza Grana Martínez, y el Juez Pérez Ocasio.

Grana Martínez, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 7 de agosto de 2025.

El peticionario, señor Juan Francisco Maury Mont solicita que revisemos la denegatoria del Tribunal de Primera Instancia a conceder el pago de honorarios de abogado a su favor.

La parte recurrida no presentó su alegato en oposición dentro del término concedido, por lo que damos el recurso por perfeccionado. Los hechos esenciales para comprender la determinación que hoy tomamos se detallan a continuación.

### I

La parte peticionaria presentó una demanda contra la recurrida por cobro de dinero. El caso se presentó originalmente al amparo de la Regla 60 de Procedimiento Civil 32 LPRA Ap. V, pero durante el proceso se convirtió al procedimiento ordinario. El demandante señor Maury Mont reclamó el pago de $9,810.00 por cánones de alquiler dejados de pagar, cargos por mora, intereses al seis por ciento (6%) anual, las costas, gastos y honorarios de abogado. El demandante reclamó el pago de al menos mil dólares ($1,000.00) por los gastos de honorarios de abogado, costas y gastos

Número Identificador

RES2025 _____

legales conforme a lo acordado en las cláusulas 25 y 29 del contrato.

El TPI realizó una vista evidenciaria en la que ambas partes prestaron sus testimonios. El foro primario declaró ha lugar la demanda y determinó los hechos siguientes. Las partes firmaron un contrato de arrendamiento sobre el local comercial número 3 ubicado en la Ave. Roberto Vilella, número GP-10, Country Club, Carolina, Puerto Rico. El contrato tenía una vigencia de un (1) año, que comenzó el 1 de febrero de 2018 y culminó el 31 de enero de 2019. Las partes acordaron un canon de arrendamiento mensual de seiscientos dólares ($600.00) y una penalidad por mora de cinco (5) días de atraso. Luego de terminar el contrato, las partes acordaron que el recurrido continuaría pagando mes por mes. El recurrido desalojó la propiedad el 3 de julio de 2019.[1]

Concluyó el foro que el recurrido adeudaba al señor Maury Mont la suma de $4,100.00 por las rentas adeudadas al desalojar la propiedad, más el seis (6%) por ciento anual de penalidad acordado. No obstante, denegó la reclamación de una deuda por mensualidades posteriores a la entrega de la propiedad y por el tiempo que permaneció sin alquilar. El TPI concluyó que la prueba no demostró que el demandado se obligó al pago de mensualidades, luego de entregar la propiedad. Igualmente concluyó que el peticionario no demostró que no pudo alquilar la propiedad, únicamente por las actuaciones del recurrido. Finalmente dio credibilidad al testimonio del recurrido, de que entregó la propiedad limpia y en buenas condiciones.

Doce (12) días después de notificada la Sentencia, la parte peticionaria presentó una Moción Solicitando la Concesión de Honorarios de Abogado Contractuales. Dicho escrito fue la primera

---

[1] Véase Sentencia emitida el 12 de noviembre de 2024, notificada el 13 del mismo mes y año, entrada SUMAC número 114.

solicitud de reconsideración peticionando al foro recurrido que reconsiderara su Sentencia e impusiera honorarios de abogado valorados en $3,966.40, basado en la cláusula veinticinco (25) del contrato de arrendamiento cuyo texto es el siguiente:

> En caso de que El ARRENDADOR inste una acción contra el ARRENDATARIO como consecuencia de la falta de pago de los cánones de arrendamiento o por cualquier violación a este contrato EL DEUDOR SOLIDARIO se obligara igual que el ARRENDATARIO a satisfacer todas las costas, gastos, **honorarios de abogado** y los daños y perjuicios que ocasionare. [2]

El 26 de febrero de 2025, notificada el 6 de marzo de 2025, el TPI denegó los honorarios de abogado, porque la parte demandada no fue temeraria, ni sustantiva, ni procesalmente. El foro primario concluyó que la parte demandada se comportó de forma adecuada y no provocó atrasos reiterados.[3] La parte peticionaria, aún inconforme, nuevamente pidió reconsideración de dicha determinación, invocando nuevamente la cláusula veinticinco (25) del contrato de arrendamiento.[4] El TPI se reiteró en negar reconsiderar su Sentencia.

Inconforme con tal determinación, el 8 de mayo de 2025, el señor Maury Mont presentó este recurso en el que señala lo siguiente:

> Erró el Honorable Tribunal de Primera Instancia, Sala de San Juan, como cuestión de hecho y de derecho al dictar Resolución Interlocutoria (120) declarando no ha lugar a la moción del Peticionario, solicitando honorarios de abogado contractuales [115 y 121].

**II**

La jurisdicción de un tribunal se define como la autoridad que por una ley o la Constitución se le ha concedido al foro para considerar y decidir casos o controversias. *In re Laboy Hernández,*

---

[2] Véase Apéndice del recurso, páginas 6 y 7.
[3] Véase Apéndice del recurso, página 5.
[4] Véase Apéndice del recurso, páginas 2 a 4.

209 DPR 288, 298 (2022); *Beltrán Cintrón v. ELA et al.*, 204 DPR 89, 101 (2020); *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 499 (2019); *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 854 (2009). El foro judicial está obligado a auscultar si posee jurisdicción aun cuando no exista un señalamiento expreso de las partes a esos fines. *In re Laboy Hernández*, supra; *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020); *Yumac Home v. Empresas Massó*, supra; *Constructora Estelar v. Aut. Edif. Pub.*, 183 DPR 1, 22 (2011); *Dávila Pollock et als. v. RF Mortgage*, 182 DPR 86, 97 (2011). En ese ejercicio, los tribunales tienen el deber ineludible de auscultar su propia jurisdicción, así como la del foro de donde procede el recurso que deben atender, pues la falta de jurisdicción sobre la materia puede plantearse en cualquier etapa del procedimiento, por cualquiera de las partes o por el tribunal a instancia propia. *In re Laboy Hernández,* supra; *Beltrán Cintrón et al. v. ELA et al.*, supra, pág. 102; *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372–373 (2018). Y es que, la falta de jurisdicción (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *S.L.G. Solá-Maldonado v. Bengoa Becerra,* 182 DPR 675, 682 (2011); *González v. Mayagüez Resort & Casino*, supra, pág. 855; *Vázquez v. Administración de Reglamentos y Permisos*, 128 DPR 513, 537 (1991).

El Tribunal de Apelaciones revisará, como cuestión de derecho, las sentencias finales del Tribunal de Primera Instancia. 4 LPRA 24 (u). Los recursos de apelación al Tribunal de Apelaciones para revisar sentencias deberán presentarse dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado. 32 LPRA Ap. V, Reg. 52.2 (a). Véase además Reglamento Tribunal de Apelaciones, 4 LPRA Ap. XX-B, Reg. 13.

El Tribunal Supremo de Puerto Rico, en más de una ocasión se ha manifestado sobre las oportunidades que tendrá una parte que esté inconforme con alguna determinación judicial para solicitar reconsideración de la misma. Sobre el particular ha expresado que solo se permite una moción para solicitar reconsideración. Por otro lado, una segunda moción de reconsideración interrumpirá el término para recurrir al foro intermedio, únicamente, cuando el dictamen impugnado haya sido alterado sustancialmente como consecuencia de una primera reconsideración. *In Re Laboy Hernández,* supra, página 304; *Carattini v. Collazo Syst. Analysis Inc.*, 158 DPR 345, 366 (2003).

**III**

Primeramente, destacamos que el recurso que nos ocupa, aunque haya sido presentado como un Certiorari, realmente constituye una apelación, pues nos pide la revisión de un dictamen que, mediante una adjudicación final termina el pleito entre las partes.[5] Segundo, aunque nadie lo sugiera es deber principal de este foro auscultar su jurisdicción, así como aquella de donde procede el recurso antes de considerar los méritos del mismo pues la falta de jurisdicción conlleva la nulidad de los dictámenes emitidos.

---

[5] Una sentencia del Tribunal de Primera Instancia es un dictamen que resuelve finalmente una cuestión litigiosa mediante una adjudicación final, mientras que una resolución solo pone fin a un incidente dentro del proceso judicial. *Medina Nazario v. Mc Neill Healthcare LLC*, 194 DPR 723, 738 (2016).

En el caso que nos ocupa el foro primario notificó la sentencia emitida el 13 de noviembre de 2024. En esta declaró ha lugar la demanda ignorando la solicitud de honorarios de abogado incluida en la cláusula 15 (c) en la Demanda Enmendada.[6] Inconforme, el señor Maury Mont, el 25 de noviembre de 2024, presentó una moción solicitando honorarios de abogado que, si bien no denominó reconsideración, no albergamos duda que lo era. Puntualizamos el axioma que el nombre no hace la cosa. *In re Laboy Hernández*, supra, página 321; *Meléndez Ortiz v. Valdejully*, 120 DPR 1, 24 (1987); *Comisión de Servicio Público v. Tribunal Superior*, 78 DPR 239, 246 (1955). En dicho escrito, el señor Maury Mont reiteró su petición de honorarios de abogado conforme el contrato entre las partes. El 6 de marzo de 2025 el foro recurrido denegó la solicitud de honorarios. El señor Maury Mont en vez de recurrir a este foro, en el término jurisdiccional de treinta (30) días a partir de la notificación resolviendo la moción presentada, o sea, hasta el 5 de abril de 2025 que por ser un sábado se extendía hasta el próximo lunes 7 de abril de 2025, decidió presentar, otra moción solicitándole al foro primario que reconsiderara su determinación de negar los honorarios de abogado, basándose nuevamente en los mismos argumentos presentados previamente. Esta segunda moción de reconsideración fue presentada el 19 de marzo de 2025 y resuelta por el foro recurrido el 9 de abril de 2025. Así las cosas, el 8 de mayo del año en curso, el señor Maury Mont presentó el recurso que nos ocupa, cuando ya la Sentencia recurrida era final y firme y este tribunal no ostentaba jurisdicción para atender el recurso. Un recurso que se presenta pasado el término provisto para recurrir en este caso treinta y un (31) días después de vencido el término

---

[6] Véase Apéndice del recurso, página 40.

jurisdiccional, se conoce como un recurso tardío y priva de jurisdicción al tribunal al cual se recurre.

**IV**

Por lo cual se desestima el recurso por falta de jurisdicción ante su presentación tardía.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones