ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| ALBERIC COLÓN SOLÍS, CELMARIE COLÓN SOLÍS, ALBERIC COLÓN SAMBRANA<br><br>Parte Apelada<br><br>v.<br><br>**DEYANIRA BRAND ECHEVERRY**, HENRY JOHN COLÓN CARRASQUILLO, JIM COLÓN CARRASQUILLO, DAVID HENRY COLÓN CARRASQUILLO<br><br>Parte Apelante | TA2026AP00329 | *Apelación,* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: K AC2013-0898<br><br>Sala: 803<br><br>Sobre: Partición de Herencia |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 24 de abril de 2026.

Compareció ante este Tribunal la parte peticionaria, Deyanira Brand Echeverry (en adelante, "Brand Echeverry" o "Peticionaria") mediante un mal denominado recurso de apelación presentado el 31 de marzo de 2026. Nos solicitó la revocación de la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, "TPI"), el 23 de febrero de 2026 y de la *Orden* dictada el 13 de marzo de 2026. A través de dichos dictámenes, el TPI declaró "No Ha Lugar" la "**Moción Solicitando Enmienda Sentencia Nunc Pro Tunc; o en la Alternativa, Solicitud de Nulidad de Sentencia bajo la Regla 51.3 y 49.2 de las Reglas de Procedimiento Civil**" y la "**Moción Solicitando Determinaciones de Hecho y Conclusiones de derecho Conforme a la Regla 42.2 de las Reglas de Procedimiento Civil**", respectivamente, ambas presentadas por la Peticionaria.

Debido a que se recurre de dos dictámenes interlocutorios emitidos por el TPI, acogemos el presente recurso como un auto de *certiorari*, pero mantenemos el alfanumérico asignado por el Sistema Unificado de Manejo y Administración de Casos (SUMAC), y por los fundamentos que expondremos a continuación, se *desestima* el recurso por falta de jurisdicción.

## I.

Los hechos que dan origen al presente caso se remontan al año 2013, fecha en la cual el Sr. Alberic Colón Solis, la Sra. Celmarie Colón Solis y el Sr. Alberic Colón Solis (en adelante y en conjunto los "Recurridos") presentaron una "**Demanda**" en contra del Sr. Henry John Colón Carrasquillo, el Sr. David Henry Colón Carrasquillo, el Sr. Jim Henry Colón Carrasquillo y la Sra. Brand Echeverry sobre partición de herencia. En síntesis, los Recurridos solicitaron el recobro de cierta cantidad de dinero que la Peticionaria alegadamente retiró y no restituyó del caudal de la Sucesión Alberic Colón Bermúdez (en adelante, "Sucesión"). Alegaron que dicho dinero fue producto de la venta de un inmueble perteneciente a la mencionada Sucesión y que el mismo fue depositado en una cuenta corporativa. De igual forma, peticionaron la liquidación de la comunidad hereditaria.

Tras múltiples incidencias procesales, se le anotó la rebeldía a la Peticionaria por no cumplir con las órdenes del Tribunal. Así las cosas, el 25 de mayo de 2023, el foro de instancia emitió una *Sentencia* a través de la cual le ordenó al Registrador de la Propiedad a inscribir el apartamento núm. 864 del Condominio Flamboyan Apartments a nombre de la Sucesión cuya descripción lee como sigue:

> URBANA: PROPIEDAD HORIZONTAL: Apartamento número cuatrocientos diez (410). Apartamento individualizado de concreto armado y bloques de hormigón de uso residencial identificado con el número 410, localizado en la esquina Noreste del cuarto piso del edificio conocido como Condominio Flamboyan Apartments, que se identifica con el número ochocientos sesenta y cuatro (864), Avenida Ashford Santurce, San Juan Puerto Rico. Este apartamento tiene una cabida superficial de setenta y nueve metros cuadrados y veintiuna décimas de otro (79.21 mc) y consta de un vestíbulo de entrada, una sala comedora, un dormitorio con vestidor de baño y una cocina. La puerta principal está

localizada en el vestíbulo, la cual lo comunica con el pasillo de uso común que conduce a los vestíbulos del edificio y a la calle. Colinda por el NORTE en ocho metros ocho centímetros (8.08m) con elementos exteriores del edificio; por el SUR en tres metros cinco centímetros (3.05m) con elementos exteriores del edificio y en cinco metros tres centímetros (5.03) con el pasillo de uso común; por el ESTE en nueve metros ochenta y cinco centímetros (9.85m) con el apartamento número cuatrocientos nueve (409). Este apartamento está equipado con dos unidades de ventana de acondicionador de aire, un calentador eléctrico de agua, una estufa eléctrica con horno, una nevera, un triturador de desperdicios y gabinetes de cocina. Le corresponde a este apartamento elementos comunes generales una participación equivalente de uno punto cincuenta y cinco centésimas por ciento (1.55%).

Consta inscrita en el folio 180 del tomo 610 de Santurce Norte, finca 21743, Registro de la Propiedad San Juan, Sección Primera. [1]

Igualmente, ordenó que, una vez el inmueble haya sido inscrito, el contador partidor deberá poner el apartamento en venta a valor del mercado, el cual no deberá ser menor de $200,000.00. Posteriormente, el 23 de octubre de 2023, la señora Brand Echeverry presentó una moción intitulada "**Moción Solicitando Enmienda Sentencia Nunc Pro Tunc; o en la Alternativa, Solicitud de Nulidad de Sentencia bajo la Regla 51.3 y 49.2 de las Reglas de Procedimiento Civil**" (en adelante, "Moción Solicitando Enmienda") en la que expresó que adquirió la propiedad en controversia el 29 de septiembre de 1987, con anterioridad a contraer matrimonio con el Sr. Alberic Colón Bermúdez. Alegó que, al amparo de la Ley de Quiebras, le asistía el derecho a proteger su único bien frente a embargos y reclamaciones, así como a solicitar la remoción del gravamen impuesto por el TPI.

Igualmente, expresó que de la *Sentencia* emitida el 25 de mayo de 2023, no se desprendía que el Tribunal le hubiera ordenado transferir el dominio de su apartamento, otorgar escritura de traspaso ni realizar acto específico alguno. Adujo que dicha *Sentencia* debe ser declarada nula por ser inconstitucional, al no haberse observado el debido proceso de ley requerido para la transferencia de propiedad en ausencia de acuerdo, gravamen o hipoteca, conforme a lo dispuesto en la Regla 51.3 (a) de

---

[1] *Véase*, SUMAC-TA, entrada núm. 1, anejo núm. 3.

Procedimiento Civil. 2 LPRA Ap. V, R. 51.3 (a). Sostuvo, finalmente, que el TPI dictó una *Sentencia* nula al ordenar al Registrador la inscripción de la titularidad de la referida propiedad a favor de la Sucesión, sin mediar acuerdo alguno ni la existencia previa de un gravamen que implicara el consentimiento de la señora Brand Echeverry para efectuar el traspaso en cuestión.

En reacción a lo anterior, el 20 de noviembre de 2025, Sr. Edwin Renán Maldonado Medina presentó su "**Oposición a Moción Solicitando Enmienda Sentencia Nunc Pro Tunc o en la Alternativa, Solicitud de Nulidad de Sentencia Bajo la Reglas 51.3 y 49.2 de las Reglas de Procedimiento Civil**" mediante la cual aclaró que el presente caso no ha versado, en momento alguno, sobre cobro de dinero. Sostuvo que no procede una enmienda *nunc pro tunc* al amparo de la Regla 49 de Procedimiento Civil, 2 LPRA Ap. V, R. 49, por cuanto las alegaciones formuladas se refieren a errores de derechos sustantivos adquiridos y no a meras correcciones de forma. Añadió que la Peticionaria pretende inducir al Tribunal a soslayar el término jurisdicción de treinta (30) días del cual disponía para recurrir de la determinación adversa dictada en su contra.

Por su parte, ese mismo día, los Recurridos presentaron su "**Moción en Oposición a Moción Solicitando Enmienda a Sentencia Presentada por Deyanira Brand el 23 de octubre de 2025**", a través de la cual adujeron que la Peticionaria pretende utilizar la figura de *nunc pro tunc* para alterar la sustancia de una *Sentencia* que ya adquirió firmeza. Alegaron que la señora Brand Echeverry no busca corregir un defecto procesal, sino evitar las consecuencias de su propia inacción y busca reabrir el caso. Igualmente, destacaron que la *Sentencia* fue emitida conforme al debido proceso de ley, luego de notificar adecuadamente a todas las partes incluyendo a la Peticionaria.

Al día siguiente, la señora Brand Echeverry presentó su "**Réplica a Moción en Oposición a Solicitud de Enmienda Nunc Pro Tunc o Nulidad de Sentencia Bajo la Regla 49.2**" en la que reiteró su postura y añadió que su petición se limita a que el TPI reconozca que la referida

*Sentencia* constituye un dictamen que requiere actos de ejecución o ulteriores, conforme a lo dispuesto en las Reglas 51.2 y 51.3 de las de Procedimiento Civil. 2 LPRA Ap. V, R. 51. Señaló que, en aquellos casos en que el traspaso de la titularidad de una propiedad privativa se realiza para satisfacer una *Sentencia*, dicho proceso debe llevarse a cabo mediante mandamiento de embargo y la correspondiente celebración de subasta. Tras evaluar los documentos presentados, el foro de instancia determinó que no posee jurisdicción para entender la *Moción Solicitando Enmienda* presentada por la Peticionaria.

Más adelante, el 16 de enero de 2026, la Peticionaria presentó una segunda "**Moción Solicitando Enmienda Sentencia Nunc Pro Tunc; o en la Alternativa, Solicitud de Nulidad de Sentencia bajo la Regla 51.3 y 49.2 de las Reglas de Procedimiento Civil**" mediante la cual reafirmó su postura e indicó que la Corte de Quiebras reconoció la jurisdicción exclusiva del TPI para atender los asuntos relacionados a la división de bienes hereditarios. El 23 de febrero de 2026, notificada el 25 del mismo mes y año, el foro *a quo* declaró "No Ha Lugar" dicha súplica. Ulteriormente, la Peticionaria presentó una "**Moción de Determinación de Hechos y Derecho Bajo la Regla 42.3 y 43.2 de las de Procedimiento Civil de Puerto Rico**". El 13 de marzo de 2026, el Tribunal emitió una *Orden* mediante la cual declaró "No Ha Lugar" la aludida solicitud.

Inconforme con lo anteriormente resuelto, la Peticionaria acudió ante este Tribunal mediante el recurso de epígrafe en el que señaló los siguientes errores:

> **PRIMER ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA MOCIÓN SOLICITANDO DETERMINACIONES DE HECHO Y CONCLUSIONES DE DERECHO BAJO LA REGLA 42.2 DE LAS REGLAS DE PROCEDIMIENTO CIVIL, ARGUMENTANDO QUE LA ANOTACIÓN DE REBELDÍA EXIMÍA AL TRIBUNAL DE ARTICULAR LOS FUNDAMENTOS DE SU DETERMINACIÓN, CUANDO TAL POSICIÓN CARECE DE BASE LEGAL, VIOOLA EL DEBIDO PROCESO DE LEY Y OBSTACULIZA LA FUNCIÓN REVISORA DE ESTE HONORABLE TRIBUNAL.

> **SEGUNDO ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN DE NULIDAD DE SENTECIA BAJO LA REGLA 49.2 (D) DE LAS REGLAS DE PROCEDIMIENTO CIVIL, CUANDO LA

SENTENCIA DEL 25 DE MAYO DE 2023 ORDENÓ EL TRASPASO DE UNA PROPIEDAD PRIVATIVA SIN QUE MEDIARA ACUERDO, GRAVAMEN HIPOTECARIO, NI EL PROCEDIMIENTO DE VENTA JUDICIA EN PÚBLICA SUBASTA REQUERIDO POR LAS REGLAS 51.2, 51.7 Y 51.8, CONFIGURANDOSE ASÍ UNA NULIDAD ABSOLUTA QUE EL TRIBUNAL NO TENÍA DISCRECIÓN PARA DENEGAR.

**TERCER ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO RECONOCER QUE LA REGLA 51.3 (A) ES INAPLICABLE AL CASO DE AUTOS, POR CUANTO: (1) LA SENTENCIA NO ORDENÓ A LA SRA. BRAND REALIZAR ACTO ESPECÍFICO ALGUNO, SINO QUE FUE DIRIGIDA DIRECTAMENTE AL REGISTRADOR DE LA PROPIEDAD; (2) NO EXISTÍA ACUERDO, ESTIPULACIÓN NI GRAVAMEN PREVIO QUE AUTORIZARA EL TRASPASO; (3) EL PROPÓSITO DE LA SUBASTA ANUNCIADA ERA RESTITUIR $200,000.00 QUE EL TPI ORDENÓ A LA SRA. BRAND REPONER POR LO QUE EL PROCEDIMIENTO SE RIGE EXCLUSIVAMENTE POR LA REGLA 51.2.

**CUARTO ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL PERMITIR QUE LA SENTENCIA DEL 25 DE MAYO DE 2023 SUBSISTIERA, CUANDO DICHA SENTENCIA VIOLA EL ARTÍCULO II, SECCIÓN 7 DE LA CONSTITUCIÓN DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y LA DECIMOCUARTA ENMIENDA DE LA CONSTITUCION DE LOS ESTADOS UNIDOS, AL ORDENAR LA PRIVACION UNILATERAL A LA SRA. BRAND DE SU PROPIEDAD PRIVATIVA SIN EL DEBIDO PROCESO DE LEY, SIN SUBASTA PÚBLICA, SIN ESCRITURA DE VENTA JUDICIAL, Y SIN QUE ELLA HUBIERA PARTICIPADO O CONSENTIDO EN ACUERDO ALGUNO.

**QUINTO ERROR**: LA SENTENCIA ES ADICIONALMENTE NULA POR HABER ORDENARO EL TRASPASO A LA "SUCESIÓN DE ALBERIC COLÓN BERMÚDEZ, UNA ENTIDAD SIN PERSONALIDAD JURÍDICA PROPIA EN NUESTRO ORDENAMIENTO CIVIL.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

### A.

La jurisdicción es el poder o autoridad que ostenta un tribunal para resolver los casos y las controversias que tiene ante sí. Cobra Acquisitions, v. Mun. Yabucoa et al., 210 DPR 384, 394 (2022); Pueblo v. Ríos Nieves, 209 DPR 264, 273 (2022); Metro Senior v. AFV, 209 DPR 203, 208-209 (2022). Reiteradamente, se ha expresado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción y no tenemos discreción para

asumir jurisdicción donde no la hay. <u>Pérez Soto v. Cantera Pérez, Inc., et al.</u>, 188 DPR 98, 104-105 (2013).

De igual manera, es conocido que la ausencia de jurisdicción no puede ser subsanada por las partes. Por consiguiente, las cuestiones relacionadas a la jurisdicción de un tribunal son privilegiadas y deben atenderse y resolverse con preferencia a cualquier otra. <u>Íd</u>. Por ello, cuando un tribunal emite una sentencia sin tener jurisdicción sobre las partes o la materia, su dictamen es uno inexistente o ultravires. <u>Maldonado v. Junta de Planificación</u>, 171 DPR 46, 55 (2007). Por ello, al carecer de jurisdicción o autoridad para considerar un recurso, lo único que procede en derecho es la desestimación de la causa de acción. <u>Romero Barceló v. E.L.A.</u>, 169 DPR 460, 470 (2006); <u>Carattini v. Collazo Syst. Analysis, Inc.</u>, 158 DPR 345, 370 (2003).

Así pues, estamos imposibilitados de atender recursos prematuros o tardíos. En lo particular, un recurso prematuro es aquel que se presenta en la Secretaría de un tribunal apelativo antes de que este adquiera jurisdicción. <u>Torres Martínez v. Torres Ghigliotty</u>, 175 DPR 83, 97 (2008). En virtud de ello, carece de eficacia y no produce efectos jurídicos. <u>Íd</u>., págs. 97-98. Siendo ello así, un recurso presentado prematuramente adolece de un defecto insubsanable que sencillamente priva de jurisdicción al tribunal que se recurre, pues al momento de su presentación no existe autoridad judicial para acogerlo. <u>Carattini v. Collazo Syst. Analysis, Inc.</u>, *supra*, pág. 370.

Cónsono con lo anterior, este Tribunal de Apelaciones puede desestimar, motu proprio, un recurso por falta de jurisdicción. Regla 83 (C) de Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Sin embargo, la desestimación de un recurso por prematuro le permite a la parte recurrente volver a presentarlo una vez el foro apelado resuelva lo que tenía ante su consideración o cumpla con los rigores que dispone nuestro ordenamiento sobre una efectiva notificación de un dictamen. <u>Pueblo v. Ríos Nieves</u>, *supra*, pág. 274.

De otra parte, la Regla 32 (D) del Reglamento del Tribunal de Apelaciones establece que el recurso de *certiorari* mediante el cual se solicita la revisión de una orden o resolución emitida por el Tribunal de Primera Instancia se formalizará con la presentación de dicha solicitud "dentro de los treinta días siguientes a la fecha del archivo en autos de una copia de la notificación de la resolución u orden recurrida. Este término es de cumplimiento de estricto". 4 LPRA Ap. XXII-B, R. 32 (D).

**B.**

Una parte adversamente afectada por una sentencia emitida por el Tribunal de Primera Instancia tiene la potestad de presentar una moción para que se consignen determinaciones adicionales de hechos o conclusiones de derecho y/o peticionar enmiendas a las determinaciones esbozadas en la sentencia, de conformidad con la Regla 43.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 43.1. Específicamente, la aludida Regla dispone lo siguiente:

> No será necesario solicitar que se consignen determinaciones de hechos a los efectos de una apelación, pero a moción de parte, presentada a más tardar quince (15) días después de haberse archivado en autos copia de la notificación de la sentencia, el tribunal podrá hacer las determinaciones de hechos y conclusiones de derecho iniciales correspondientes, si es que éstas no se hubiesen hecho por ser innecesarias, de acuerdo con la Regla 42.2, o podrá enmendar o hacer determinaciones adicionales y podrá enmendar la sentencia en conformidad. Si una parte interesa presentar una moción de enmiendas o determinaciones iniciales o adicionales, reconsideración o de nuevo juicio, éstas deberán presentarse en un solo escrito y el tribunal resolverá de igual manera. En todo caso, la suficiencia de la prueba para sostener las determinaciones podrá ser suscitada posteriormente aunque la parte que formule la cuestión no las haya objetado en el tribunal inferior, o no haya presentado una moción para enmendarlas, o no haya solicitado sentencia.
>
> La moción de enmiendas o determinaciones iniciales o adicionales se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal. El término para notificar será de cumplimiento estricto. Íd.

Nuestro Tribunal Supremo ha resuelto en reiteradas ocasiones que una **oportuna** y bien fundamentada solicitud de determinaciones de hechos y conclusiones de derecho adicionales, interrumpe los términos que tienen las partes para interponer una apelación, *certiorari*, una

reconsideración de sentencia o un recurso de certificación, entre otros. Dávila Pollock v. R.F. Mortgage, 182 DPR 86, 95 (2011). Así pues, la doctrina establece que la moción debe presentarse dentro del **término improrrogable** de quince (15) días, después de archivada en autos copia de la notificación de la sentencia. R. Hernández Colón, Derecho Procesal Civil, Práctica Jurídica de Puerto Rico, 6ta Ed., 2017, §5003, pág. 467. En otras palabras, la referida solicitud se tiene que presentar dentro del plazo jurisdiccional dispuesto en la Regla. J. Cuevas Segarra, Tratado de Derecho Procesal Civil, Pub. JTS, 2da. Ed., T. IV, pág. 1260.

**III.**

En su primer señalamiento de error, la señora Brand Echeverry alega que el TPI erró al denegar la "**Moción de Determinación de Hechos y Derecho Bajo la Regla 42.3 y 43.2 de las de Procedimiento Civil de Puerto Rico**", bajo el fundamento de que la anotación de rebeldía lo eximía de fundamentar su dictamen. En detalle, la Peticionaria sostiene que dicha decisión carece de base legal, vulnera su derecho a un debido proceso de ley y dificulta la función revisora de este Tribunal Apelativo.

Tras una evaluación detenida del expediente ante nuestra consideración, surge con meridiana claridad que la Peticionaria falló en presentar la moción de determinaciones de hechos adicionales dentro del plazo jurisdiccional de quince (15) días que impone la Regla 43.1 de Procedimiento Civil, *supra*. *Véanse*, Hernández Colón, *op. cit*., pág. 467 y Cuevas Segarra, *op. cit*., pág. 1260. Nótese que la *Sentencia* en este caso se emitió en el 25 de mayo de 2023 y la solicitud de determinaciones adicionales de hechos se presentó en el 2026, es decir, a casi tres (3) años de haberse dictado la *Sentencia* y fuera del plazo improrrogable con que contaba para hacerlo. Así pues, el foro *a quo* carecía de autoridad en ley para entender en los méritos de dicha solicitud y, por tanto, este Tribunal de Apelaciones tampoco tiene jurisdicción para adjudicar dicho planteamiento.

Por su parte, los señalamientos de error segundo al quinto versan sobre el mismo asunto, por lo que se discutirán conjuntamente. En síntesis,

la Peticionaria plantea que el TPI erró al denegar la solicitud de nulidad de la *Sentencia* bajo la Regla 49.2 de Procedimiento Civil, 2 LPRA Ap. V, R. 49.2, por cuanto ordenó el traspaso de una propiedad privativa sin cumplir con los requisitos procesales aplicables, lo que, a su juicio, la torna absolutamente nula. Argumenta, además, la inaplicabilidad de la Regla 51 de Procedimiento Civil, la violación al debido proceso de ley y la nulidad del dictamen por disponer el traspaso a una entidad sin personalidad jurídica.

Como cuestión de umbral, este Tribunal carece de jurisdicción, igualmente, para atender los referidos planteamientos. Del expediente surge que la *Orden* mediante la cual se declaró "No Ha Lugar" la "**Moción Solicitando Enmienda Sentencia Nunc Pro Tunc; o en la Alternativa, Solicitud de Nulidad de Sentencia bajo la Regla 51.3 y 49.2 de las Reglas de Procedimiento Civil**" fue notificada el 25 de febrero de 2026, mientras que el recurso de *certiorari* ante nuestra consideración se presentó el 31 de marzo de 2026. Es decir, el referido escrito fue presentado fuera del término de treinta (30) días dispuesto por nuestro ordenamiento para acudir ante este foro apelativo. Además, no se desprende del legajo apelativo ante nos la demostración de justa causa que le permita a la señora Brand Echeverry haber presentado el presente recurso fuera del término reglamentario.

Procede, pues, la desestimación del recurso ante nos por falta de jurisdicción.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte de la presente *Resolución*, *desestimamos* el recurso ante nuestra consideración por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones